## Brown *v.* Kirk, Appellant.

*Practice, C. P.—Statement—Amendment—Appeal from justice of the peace.*

Where on an appeal from a judgment of a justice of the peace it appears that although the action was in trespass, the statement was ambiguous as to whether the action was on a contract or in tort, and the defendant pleaded non assumpsit and proceeded to trial on the merits, the appellate court will permit the statement to be amended, or if there is a reversal on other grounds, will permit an amended statement to be filed in the court below.

*Principal and agent—Scope of authority—Evidence.*

Where on the trial of an action it appears that the authority of an agent to act for the plaintiff is a question material to the issue, and the court permits the jury to pass upon the question of the existence of such authority, it is error for the court to refuse to permit the defendant to examine the agent as to the instructions which he had received from the plaintiff.

Argued Nov. 11, 1903.    Appeal, No. 21, Oct. T., 1903, by defendant, from judgment of C. P. Lancaster Co., June T., 1899, No. 44, on verdict for plaintiff in case of Henry E. Brown *v.* C. C. Kirk.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Reversed.

Appeal from the judgment of a justice of the peace.

From the record it appeared that the action before the justice was summons in trespass for trover and conversion.

Plaintiff's statement was as follows :

This action is brought by the plaintiff, Henry E. Brown, against the defendant, C. C. Kirk, to recover $300 for injuries, by breach of contract, which the said plaintiff suffered at the hands of the said defendant, whereof the following is a statement :

The plaintiff avers that on or about May 11, 1899, he owned a fine bay horse, which was valued at $175 ; that he made a trade of him with the said C. C. Kirk, the defendant, for another horse, on an express warranty of the said defendant that the horse he furnished the plaintiff, the said Henry E. Brown, was to be sound in every particular ; that, if the horse which said defendant gave to said plaintiff was not sound in every particular, then the trade to be canceled and the horses returned to their former owners ; that he, the said plaintiff, dis-

158          BROWN *v.* KIRK, Appellant.

Statement of Facts—Opinion of the Court. [26 Pa. Superior Ct.

covered that the horse which he had obtained from the defendant was unsound and badly affected with the heaves ; that the defendant, the said C. C. Kirk, knew that his horse was unsound when he made the trade, and was, therefore, guilty of fraud and deceit in the contract; that plaintiff notified the defendant of the unsound condition of the horse received by plaintiff and returned said horse, which the defendant accepted, and subsequently the plaintiff recovered his horse from the defendant, but the defendant retook said horse and kept and retained him, and has had him ever since, in violation of his contract as aforesaid, and refused, and still refuses, to return the said horse to Henry E. Brown, the plaintiff.

Whereby, and by reason of which premises, the said Henry E. Brown has been damaged to the extent of $300, and, to recover the same, brings this suit.

At the trial there was evidence tending to show that the defendant and William C. Whiteside, acting as agent for the plaintiff, had entered into an agreement settling all matters in controversy between the parties.

When William C. Whiteside was called by the defendant he was asked this question :

" Q. Now I ask what were his instructions ? "

Objected to.

The Court : I think that is immaterial. Defendant excepts and bill sealed. [12]

Verdict and judgment for plaintiff for $60.00. Defendant appealed.

*Errors assigned* among others were (1) the court has no jurisdiction ; (12) ruling on evidence, quoting the bill of exception.

*B. F. Davis,* for appellant.

*W. U. Hensel,* for appellee.

OPINION BY PORTER, J., October 17, 1904:

The transcript of the proceedings before the justice clearly indicated an action of trover and conversion. The statement filed by the plaintiff in the common pleas upon the ap-

peal declared for damages, " for injuries, by breach of contract, which the plaintiff suffered at the hands of the defendant; " but the averments of the details of fact are such as to establish a case in which an action of trover and conversion would lie. The statement is ambiguous, but the defendant having pleaded non assumpsit and gone to trial upon the merits, we would, if the record were otherwise free from error, permit the statement to be amended in this court. As the case must go back for a new trial an amended statement can be filed in the court below. The plaintiff having been duly adjudged a bankrupt, any right which he may have to maintain this action has passed to his trustee, who should be made a party to the proceeding.

The only error which requires a reversal of this judgment is in the ruling which is the subject of the twelfth specification. The defendant and William C. Whiteside, acting as agent for the plaintiff, had entered into an agreement settling all matters in controversy between the parties. The authority of Whiteside to act for the plaintiff was a question material to the issue, and the court below permitted the jury to pass upon the question of the existence of such authority. This being the case, the defendant ought to have been permitted to examine Whiteside as to the instructions which he had received from the plaintiff. The twelfth specification of error is sustained.

The judgment is reversed and a venire facias de novo awarded.